**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVEN A. MARTIN, | No. 12-15653 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-01283-LDG |
| v. | |
| JAMES E. TILTON, Secretary of California Department of Corrections and Rehabilitation; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lloyd D. George, District Judge, Presiding

Submitted May 14, 2013[**]

Before:     LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Steven A. Martin, a California state prisoner, appeals pro se from the district

court's judgment in his 42 U.S.C. § 1983 action alleging constitutional violations

in connection with his double-cell housing.  We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1291.  We review de novo a dismissal under 28 U.S.C. § 1915A.  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).  We may affirm on any ground supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

Dismissal of Martin's action was proper because Martin failed to allege facts showing that defendants' conduct deprived him of a federal right.  *See Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) (setting forth the elements of a claim under § 1983); *see also Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth the elements of a retaliation claim under § 1983); *Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003) (procedural guarantees of the  due process clause apply only when a constitutionally protected liberty or property interest is at stake); *Monteiro v. Tempe Union High Sch. Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998) (to state an equal protection claim, the plaintiff "must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent").

Dismissal of Martin's breach of contract claim was proper because Martin failed to allege facts demonstrating that defendants entered into and breached the terms of a contract with him.  *See First Commercial Mortg. Co. v. Reece*, 108 Cal.

Rptr. 2d 23, 33 (Ct. App. 2001) (listing the elements of breach of contract under California law).

The district court did not abuse its discretion in dismissing Martin's First Amended Complaint without leave to amend where Martin had previously been allowed to amend his complaint and further amendment would have been futile. *See Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

**AFFIRMED.**